AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>PAUL J. KELLY and<br>TAMARA B. KELLY,<br><br>    Debtors.<br>_____/ | Case No. 11-57252 ASW<br>(Chapter 13 Proceeding)<br><br>SECURED CREDITOR, WELLS FARGO BANK, N.A.'S OPPOSITION TO AND REQUEST FOR HEARING ON DEBTORS' MOTION TO VALUE CLAIM AND TO AVOID LIEN |

    Secured Creditor, WELLS FARGO BANK, N.A. (hereinafter referred to as "Secured Creditor") opposes and requests a hearing set on Debtors, PAUL J. KELLY and TAMARA B. KELLY's (hereinafter referred to as "Debtors") Motion to Value Claim and to Avoid Lien on the following grounds:

    1.    On September 7, 2006 Debtors (as Borrowers) entered into a written Fixed Rate Note (hereinafter referred to as "the Agreement") with Secured Creditor (as Lender). Pursuant to the terms and conditions of the parties' contractual agreement, Debtors agreed to pay Secured Creditor the sum of $148,000.00 due and payable in fifty nine (59) monthly installment payments of $1,137.11, commencing on October 22, 2006 and ending with a

1

balloon payment on September 22, 2011. A true and correct photocopy of the Agreement is filed separately herewith and is incorporated herein by reference. The Agreement was secured by a Deed Of Trust (Second Deed of Trust) on the real property more commonly know as 21126 Locust Drive in Los Gatos, California (hereinafter referred to as "The Property"). Further proof of Secured Creditor's security interest in The Property is contained on the Deed Of Trust, a true and correct photocopy of which is filed separately herewith and is incorporated herein by reference.

2. Secured Creditor objects to the $450,000.00 valuation allocated to the Property in that Secured Creditor's own investigation into the value of the Property has caused it to conclude that the value of the Property at the time the Debtor filed the bankruptcy petition was $645,000.00. More specifically on August 3, 2011, Secured Creditor ordered a Broker's Price Opinion on the Property. In the Broker's Price Opinion, Secured Creditor was informed that the Property had a value of $645,000.00. A true and correct photocopy of the Broker's Price Opinion is filed separately herewith and is incorporated herein by reference. Secured Creditor routinely uses the services of Goodman Dean for purposes of obtaining accurate real estate valuations. Secured Creditor's has found the real estate valuations provided by Goodman Dean to reasonable, reliable and accurate.

3. Secured Creditor further opposes Debtors' Motion in that the Debtors are attempting to treat Secured Creditor as an unsecured claim, **which it is not!** Pursuant to Debtors' Motion, Debtor states the balance on the First Deed of Trust with Wells Fargo Home Mortgage is $592,000.00. Accordingly, in view of the Broker's Price Opinion of $645,000.00 and filed concurrently herewith, there is enough equity in the property for Secured Creditor to be secured.

4. Secured Creditor further opposes Debtors' Motion in that Debtors are attempting to immediately strip Secured Creditor's lien and avoid paying Secured Creditor on their loan account with Secured Creditor. Assuming arguendo that credible evidence were presented to the Court establishing that due to the decline in real estate values in the area that the subject real property had in fact dropped to value below the amount of the First Deed of Trust, Debtor is not permitted at this stage of the Chapter 13 plan to strip the lien held by Secured Creditor. Rather, Secured Creditor's deed of trust must remain of record until the plan is completed. This is required by 11 U.S.C. §1325(a)(5)(B)(I).

5. Secured Creditor believes that if it is forced to accept Debtors' Motion as is presently proposed, Secured Creditor will be prejudiced by its position thereunder and Secured Creditor will continue to suffer substantial, mounting losses.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

6. Therefore, for the reasons more fully set forth above, Secured Creditor requests that a hearing be held on Debtors' Motion and it shall be the responsibility of Debtors to schedule such a hearing with the above-entitled Court and duly notice Secured Creditor and its attorneys of record herein of the date, time, and location of such hearing.

Secured Creditor and its attorneys of record herein shall be duly noticed as hereinafter set forth below:

**WELLS FARGO BANK, N.A.**
Home Equity Group
X2303-01A
1 Home Campus
Des Moines, IA 50328-0001


LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583


Dated: August 31, 2011    LAW OFFICES OF
                          AUSTIN P. NAGEL


                          By /s/ Austin P. Nagel
                             Attorney for Secured Creditor,
                             WELLS FARGO BANK, N.A.

wfbbk.1288opp

4